# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GLORIA N. MASTERS, | ) | CASE NO. 5: 17 CV 2590 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| DIONSIO GIANTZ, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Gloria N. Masters ("Masters") has filed this *in forma pauperis* action against defendants Dionsio Giantz ("Giantz"), Christopher Dionsio ("Dionsio"), and Shamela (collectively, "defendants"). (Doc. No. 1-1.) Although the standard of review for *pro se* pleadings is liberal, principles requiring generous construction of *pro se* pleadings are not without limits. *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted). Federal district courts are required to dismiss before service any *in forma pauperis* complaint that the Court determines fails to state a claim upon which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)) (citations and internal quotation marks omitted)). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Dismissal for frivolousness is appropriate where the alleged "claims describ[e] fantastic or delusional scenarios[.]" *Id.* at 328; s*ee also Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Masters' complaint does not contain allegations that are intelligible to the Court, discernable legal claims, or a clear request for relief. Rather, her complaint consists a series of unclear accusations and grievances not connected to any conduct by defendants. Even liberally construed, Masters' complaint fails to allege factual matter that, accepted as true, states a claim for relief that is plausible on its face. Thus, the complaint must be dismissed on that basis. Moreover, Masters' allegations are frivolous as defined by the United States Supreme Court, and the complaint is subject to dismissal on this additional basis.

Masters' application to proceed *in forma pauperis* (Doc. No. 1) is granted, and her complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: April 11, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**